Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| JOALIBETH E. HERNÁNDEZ CARRASQUILLO<br><br>Recurrida<br><br>V.<br><br>GILBERTO SIERRA SANTIAGO<br><br>Peticionario | KLCE202401124 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm.: OPVS-2024-019<br><br>Sobre: Ley Núm. 148-2015 |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de diciembre de 2024.

Comparece ante nos, el señor Gilberto Sierra Santiago (en adelante, "el peticionario"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida y notificada el 19 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Municipal de Caguas. Mediante el referido dictamen, dicho tribunal declaró *Ha Lugar* la "*Petición de Orden de Protección para Víctimas de Violencia Sexual*," presentada por Joalibeth E. Hernández Carrasquillo, (en lo sucesivo, "la recurrida").

Por los fundamentos que expondremos a continuación, *denegamos* el auto de *certiorari* presentado.

### I.

La controversia ante nuestra consideración tiene su origen el 31 de julio de 2024 con la presentación por la recurrida de una "*Petición de Orden de Protección para Víctimas de Violencia Sexual.*" En esencia, expuso entre sus alegaciones que el peticionario había realizado contra su persona acciones que se podían catalogar como actos lascivos. Según relato, el 18 de mayo de 2024, ambas partes asistieron a una fiesta de cumpleaños en la que el peticionario emitió expresiones de índole sexual

Número Identificador
RES2024 _____

sobre su cuerpo. Luego de ello, argumentó que el peticionario reaccionó a sus publicaciones en redes sociales y le envió algunos mensajes que consideró incomodos. Además, alegó que el peticionarió le solicitó una cita para recibir los servicios estéticos que ella realizaba. Expresó, que la aludida cita fue agendada para el 30 de julio de 2024. Según arguyó, al finalizar los servicios estéticos, el peticionario le quiso dar algunas recomendaciones sobre masajes. A esos efectos, argumentó que el peticionario le requirió que se acostara en la camilla, le enseñó unas técnicas sobre masajes, le tocó los labios y le preguntó si podía besarla. La recurrida sostuvo que respondió a tal proposición en la negativa. Sin embargo, aseveró que el peticionario la besó a la fuerza. Ante tales hechos, entre otras cosas, peticionó que se declarara *Ha Lugar* la orden de protección peticionada. En consecuencia, solicitó que el peticionario se abstuviera de realizar cualquier acercamiento a su persona.

En la misma fecha, el foro recurrido celebró una vista y emitió una "*Orden de Protección Ex Parte para Víctimas de Violencia Sexual.*" Mediante esta, declaró *Ha Lugar* la "*Petición de Orden de Protección para Víctimas de Violencia Sexual,*" presentada por la recurrida. A su vez, expuso las siguientes determinaciones de hechos:

> A la vista exparte compareció la peticionaria (de 20 años) acompañada de su padre José Orlando Hernández Vélez y la IL Sasha Maurás de la Oficina de la Mujer del Municipio de Caguas. La peticionaria indica que el peticionado de (52 años) es amigo de su familia. El 18/mayo/2024 las partes compartieron en el cumpleaños de la tía de la peticionaria y el peticionado comenzó a seguir a la peticionaria en sus redes sociales. Enviaba mensajes, memes y daba "likes" a historias de la peticionaria. El 27/julio/2024 luego que la peticionaria hubiera accedido a proveerle servicios de masaje y facial y bajo el prtexto de enseñarle algunas técnicas, el peticionado le robo un beso a la peticionaria. Siguieron entonces mensajes como "aprovecha ahora," "te puedo llamar," y "quiero disculparme". La peticionaria luce nerviosa, llorosa e intranquila.
> Ante tales alegaciones:
>
> - Se expide la orden de protección exparte.

Además, el foro recurrido le ordenó al peticionario que compareciera a exponer su posicion con relación al caso de epígrafe. A tenor de ello, señaló para el 21 de agosto de 2024 la celebración de una

vista al amparo de la Ley para la Protección de las Víctimas de Violencia Sexual en Puerto Rico, Ley Núm. 148-2015, 8 LPRA sec. 1281 *et seq.*

Luego de varias incidencias procesales que no son necesarias de pormenorizar, la aludida vista fue celebrada el 19 de septiembre de 2024 con el beneficio de la comparacencia de ambas partes y sus respectivas representaciones legales. En la misma fecha, el foro recurrido emitió y notificó la "*Orden de Protección para Víctimas de Violencia Sexual*" que nos ocupa. Mediante esta, declaró *Ha Lugar* la orden de protección solicitada por la recurrida. A su vez, esbozó las siguientes determinaciones de hechos:

1. Se expide orde de protección final por un término de 3 meses.

2. Se ordena a la parte peticionada entregar a la policía de Puerto Rico cualquier arma de fuego que tenga. Además, se ordena la suspensión de cualquier tipo de licencia de armas de fuego, de tenr alguna.

3. Se prohíbe a la parte peticionada tener contacto y/o comunicación alguna con la parte peticionaria.

4. Por estipulación entre las partes se admitió en evidencia capturas de pantallas de mensajes de texto entre las partes y se marcó como exhibit A 1 al 4.

Inconforme, el 18 de octubre de 2024, el peticionario compareció ante este Tribunal mediante un recurso de *certiorari*. Mediante este, expuso los siguientes señalamientos de error:

A. Primer Señalamiento de Error: Erró el Honorable Tribunal de Primera Instancia, Sala Municipal de Caguas, al expedir la Orden de Protección para Víctimas de Violencia Sexual toda vez que incurrió en parcialidad, error craso y manifiesto en la apreciación de la prueba y la apliación de la Ley a los hechos del caso.

B. Segundo señalamiento de error: Erró el Tribunal de Primea Instancia, Sala Municipal de Caguas, al expedir la Orden de Protección para Víctimas de Violencia Sexual toda vez que las expresiones de la Juez Municipal denotaron que su determinación no fue una justa e imparcial y libre de pasiones y prejuicios.

C. Tercer señalamiento de error: Erró el Honorable Tribunal de Primera Instancia, Sala Municipal de Caguas al expedir la orden de Protección para Víctimas de Violencia Sexual, toda vez que del testimonio vertido por la recurrida no surgen elementos que justifiquen la expedición de la misma.

D. Cuarto señalamiento de error: Erró el Honorable Tribunal de Primera Instancia, Sala Municipal de Caguas al expedir la Orden de Protección para Víctimas de Violencia Sexual, toda vez que de la prueba vertida en el caso no surgió evidencia que la parte recurrida haya sido víctima de ninguno de los delitos sexuales establecidos taxativamente en la Ley 148 de 15 de septiembre de 2015.

E. Quinto señalamiento de error: Erró el Honotable Tribunal de Primera Instancia, Sala Municiapl de Caguas al expedir la Orden de Protección para Víctimas de Violencia Sexual, a pesar de que la representación legal del peticionario le argumentó que no procedía expedir la Orden porque jurídicamente está establecido que "un beso no consentido" constituye una agresión y no el delito de actos lascivos y, por lo tanto, no está contemplado en los delitos incluidos en la Ley 148 de 15 de septiembre de 2015.

Así las cosas, el 23 de octubre de 2024, este Tribunal emitió una "*Resolución"* en la que ordenó a la recurrida que presentara su posición con relación a la expedición del presente auto de *certiorari* dentro del término de diez (10) días. Posteriormente, el 29 de octubre de 2024, se le ordenó a la Oficina de la Mujer del Municipio Autónomo de Caguas que notificara a la recurrida sobre la presentación del recurso de epígrafe. Ante ello, el 4 de noviembre de 2024, la referida Oficina certificó que en la misma fecha de 29 de octubre de 2024 cumplió con el requerimiento de notificación. Transcurrido el término concedido a la recurrida para expresar su posición respecto al recurso de epígrafe, procedemos a resolver el auto de *certiorari* presentado sin el beneficio de su comparecencia.

**II.**

**A.    *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados et al.*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145; *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.      Órdenes de Protección bajo la Ley para la Protección de las Víctimas de Violencia Sexual en Puerto Rico (Ley Núm. 148-2015):**

La Ley para la Protección de las Víctimas de Violencia Sexual en Puerto Rico, *supra,* tiene como propósito "ayudar a la víctima mediante el mecanismo de las órdenes de protección a apoderarse de sus vidas y lograr superar esta terrible situación." 8 LPRA sec. 1281. La referida legislación establece que "[u]na orden de protección es un remedio **civil** que sirve para prohibirle a la parte agresora acercarse a, o ponerse en contacto con, la víctima de cualquier forma." Exposición de Motivos de la Ley 148-2015, *supra*. Así pues, cualquier persona que haya sido víctima

de agresión sexual, actos lascivos, acoso sexual o incesto según tipificado en el ordenamiento penal, podrá comparecer al Tribunal para solicitar una orden de protección en contra de la persona que haya provocado o asistido en la realización de los delitos antes mencionados. 8 LPRA sec. 1281. Luego de evaluar los méritos de la solicitud, el Tribunal podrá emitir la orden de protección y en la misma incluir lo siguiente:

a) Ordenar a la parte peticionada abstenerse de molestar, hostigar, perseguir, intimidar, amenazar, o de cualesquiera otras formas constitutivas bajo esta Ley, dirigidas a la parte peticionada.

b) Ordenar a la parte peticionada abstenerse de penetrar en cualquier lugar donde se encuentre la parte peticionaria, cuando a discreción del Tribunal dicha limitación resulte necesaria para prevenir que la parte peticionada moleste, intimide, amenace o de cualquier otra forma aceche y/o interfiera con la parte peticionaria y/o un miembro de su familia.

c) Ordenar a la parte peticionada entregar a la Policía de Puerto Rico para su custodia, bien sea con carácter temporero, indefinido o permanente, cualquier arma de fuego sobre la cual se le haya expedido una licencia de tener o poseer, de portación y/o de tiro al blanco, según fuere el caso, cuando a juicio del Tribunal dicha arma de fuego pueda ser utilizada por la parte peticionada para causarle daño corporal a la parte peticionaria o a miembros de su familia.

d) Cualquier orden necesaria para dar cumplimiento a los propósitos y a la política pública de esta Ley.
8 LPRA sec. 1282.

## C.     Apreciación de la Prueba:

En nuestro ordenamiento jurídico impera una norma general de deferencia a la apreciación de la prueba y las determinaciones de hechos que realiza el Tribunal de Primera Instancia. *Pueblo v. Negrón Ramírez*, 2024 TSPR 41 (2024). Por consiguiente, nos corresponde brindarle deferencia a dicho foro salvo que exista un error manifiesto o que el tribunal sentenciador haya actuado movido por prejuicio, parcialidad o pasión. *Peña Rivera v. Pacheco Caraballo*, 2024 TSPR 48 (2024); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 987 (2010). Mediante esta norma de deferencia, se impone respeto a la evaluación que hace el tribunal de instancia al aquilatar la credibilidad de un testigo pues es dicho foro quien está en mejor posición para hacerlo. *Íd.* Los foros apelativos sólo tenemos ante nos expedientes "mudos e inexpresivos". *Íd.* Es el foro primario quien

tiene la oportunidad de escuchar a los testigos mientras declaran y así puede apreciar su "demeanor". *Ortiz Ortiz v. Medtronic,* 209 DPR 759, 778-779 (2022); *Colón v. Lotería*, 167 DPR 625, 659 (2006). Por lo cual, dicho foro es quien debe adjudicar los conflictos de prueba. *S. L. G. Rivera Carrasquillo v. A.A.A.,* 177 DPR 345, 356 (2009).

Ahora bien, esta norma no es absoluta pues procederá nuestra intervención con dicha valoración si una evaluación de la totalidad de la prueba testifical nos provoca tal insatisfacción o intranquilidad de conciencia que perturbe nuestro sentido básico de justicia. *S. L. G. Rivera Carrasquillo v. A.A.A.*, supra, pág. 356. La parte apelante que interese su revocación es quien tiene que señalar y demostrar el fundamento para ello. *Íd*. Quien cuestione la determinación de hechos realizada es quien debe señalar el error manifiesto o fundamentar que existió pasión, prejuicio o parcialidad. *Íd*. Igualmente, intervendremos si la apreciación de la prueba realizada por el foro primario no concuerda con la realidad fáctica o "es inherentemente imposible o increíble". *Pueblo v. Irizarry*, 156 DPR 780, 789 (2002).

Será también meritoria nuestra intervención en casos en los que la apreciación de la prueba del foro primario no represente "el balance más racional, justiciero y jurídico de la totalidad de la prueba". *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219 (2021). *Miranda Cruz y otros v. S.L.G. Ritch*, 176 DPR 951, 974 (2009). El tribunal de primera instancia se excederá en el ejercicio de su discreción si, al apreciar la prueba, infundadamente le asigna gran valor a un hecho irrelevante e inmaterial, y basa su determinación exclusivamente en éste; o si injustificadamente pasa por alto un hecho material significativo que no debió ignorar; o si, aun considerando todos los hechos materiales y descartando todos los irrelevantes, los sopesa y calibra de forma liviana. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 210-211 (2023); *García v. Asociación*, 165 DPR 311, 321-322 (2005).

**III.**

En el presente caso, el peticionario aduce que incidió el foro primario en la apreciación de la prueba, toda vez que la determinación civil que nos ocupa exhibe parcialidad, prejuicio y error craso. Además, sostiene que del testimonio de la recurrida no surgen los criterios necesarios para expedir la orden de protección peticionada. De igual modo, argumenta que de la prueba desfilada no se desprende que la recurrida haya sido víctima de alguno de los delitos tipificados en la Ley 148-2015, *supra.* Cónsono con lo anterior, plantea que los hechos de este caso no cumplen con los elementos necesarios para constituir el delito de actos lascivos, lo cual hacía procedente la orden solicitada.

Tras evaluar la totalidad del expediente ante nos y la regrabación de la vista del 19 de septiembre de 2024, concluimos *denegar* el presente recurso. Conforme fue expuesto, el foro recurrido está en mejor posición que este Tribunal al momento de aquilatar la credibilidad de los testigos, dado que puede observar y escuchar a los referidos testigos mientras declaran. De este modo, la parte que impugna la apreciación de la prueba es quien tiene el peso de fundamentar la existencia de pasión, prejuicio o parcialidad en la adjudicación del foro primario. De un examen de la prueba oral vertida en la vista final no surgen elementos que perturben el sentido básico de la justicia o que sean inherentemente increíbles, para que a la luz de Regla 40, *supra* se expida el presente auto.

Recordemos que la expedición de este tipo de recursos es de naturaleza discrecional, [1] por lo cual, a tenor de las disposiciones enumeradas en la Regla 40, *supra*, determinamos denegar el recurso de *certiorari* presentado.

**IV.**

Por los fundamentos expuestos, denegamos el auto de *certiorari* presentado.

**Notifíquese inmediatamente**.

---

[1] Conviene recordar que nuestra función revisora examina la corrección del dictamen y no sus fundamentos. *Pérez Vda. Muñiz v. Criado,* 151 DPR 355 (2000).

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones